[No. 1875. Decided April 13, 1896.]

FRANK L. BOKIEN, *Appellant,* v. THE STATE OF WASH-
INGTON *et al., Respondents.*

APPEAL—IN FORMA PAUPERIS.

An appeal in a civil proceeding will be dismissed, under Laws
1893, p. 122, §6, when no bond has been filed or money deposited
by the appellant in lieu thereof, although the appellant may in fact
be a pauper, as there is no statutory authority in this state for an
appeal *in forma pauperis* in such cases.

Appeal from Superior Court, Pierce County.— Hon.
JOHN C. STALLCUP, Judge.    Appeal dismissed.

*Francis W. Cushman, Charles Ethelbert Claypool,*
and *Edward E. Cushman,* for appellant.

The opinion of the court was delivered by

ANDERS, J.—Appellant was tried in the superior court
of Pierce county upon an information charging him
with the offense of obtaining property under false pre-
tences.    From a judgment of conviction in that action
he appealed to this court *in forma pauperis.*    In order
to properly prepare his record on appeal he conceived
it to be necessary to obtain a typewritten copy of all
the evidence introduced upon the trial, and other pro-
ceedings had therein not already a part of the record,
and accordingly requested the respondents, and espe-
cially the clerk of the superior court, to furnish the

same to him at the expense of the county.  His request
was refused, and he thereupon instituted this proceed-
ing in the superior court to compel the respondents
to furnish him this record free of charge.  An alter-
native writ of mandate was issued as prayed in the
petition, and on the return day thereof the respond-
ents appeared and moved to quash the writ and also
demurred to the affidavit and to the petition on the
ground that they, and each of them, failed to state
facts sufficient to entitle the plaintiff to relief.  The
motion was granted, the demurrer sustained, and the
proceedings dismissed at the cost of the petitioner.
From said orders and judgment the petitioner ap-
pealed.

As stated by counsel for appellant, there is but one
point in this case, and that is, whether or not the de-
fendant in a criminal action who appeals *in forma
pauperis* is entitled to a typewritten copy of the testi-
mony and the rulings of the trial court at the county's
expense, under and by virtue of the acts of March 8,
1893, relating to exceptions and appeals.  The ques-
tion is one of considerable importance and has never
been directly passed upon by this court; nor can it
now be determined, for the reason that the appeal in
this instance has become ineffectual, and this court is
therefore without jurisdiction of the cause.  Man-
damus is a civil proceeding (High, Extraordinary
Remedies (2d ed.) § 4), and the statute provides
that—

"An appeal in a civil action or proceeding shall be-
come ineffectual for any purpose unless at or before
the time when the notice of appeal is given or served,
or within five days thereafter, an appeal bond to the
adverse party conditioned for the payment of costs
and damages as prescribed in section seven of this act
be filed with the clerk of the superior court, or money

in the sum of two hundred dollars be deposited with the clerk in lieu thereof. . . . " Laws 1893, p. 122, § 6.

No bond was filed, or money deposited by appellant within the time prescribed by law or at all, and consequently the case remains precisely as it was before the appeal was attempted.

" The fact that appellant is a pauper does not of itself relieve him from the necessity of giving an appeal bond. There must be express statutory authority for an appeal *in forma pauperis.*" 1 Enc. Pl. & Pr., p. 999.

There is no statute in this state authorizing an appeal *in forma pauperis* in civil cases, and hence appeals must be taken and perfected in the same manner by all appellants, whether rich or indigent.

The appeal is dismissed.

HOYT, C. J., and GORDON, J., concur.